UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICK PROCTOR and
KARI PROCTOR,
    Plaintiffs,

-vs.-                          **DEMAND FOR JURY TRIAL**

FULTON FRIEDMAN AND GULLACE, LLP,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

    Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Fulton, Friedman and Gullace, LLP which is, upon information and belief, an Arizona limited liability company that maintains registered offices in Macomb County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oscoda County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed only by Kari Proctor to Capital One in the amount of $1,237.44.

7. Defendant started calling both Plaintiffs sometime during the month of February 2013.

8. Asset Acceptance, LLC, owns the debt and is being represented by Defendant, Fulton Friedman & Gullace, LLP.

9. Defendant is calling Plaintiffs on their home phone, which is xxx-xxx-3479. Defendant is calling from 877-210-0647.

10. Sometime during the week of February 11, 2013, Defendant called Mr. Proctor and attempted to collect on this alleged debt from him. Defendant called Plaintiff on his home phone. During this conversation, Defendant told Mr. Proctor that it had a Judgment against Mrs. Proctor, and that it intended to start extra collection activity to take her possessions.

11. During this same conversation, Plaintiff asked Defendant for validation of the alleged debt and Defendant told Plaintiff that he was not entitled to one because there was already a Judgment against Mrs. Proctor in the 74th District Court.

12. On or about February 18, 2013, Defendant called Plaintiffs again. Mr. Proctor told Defendant that its calls were stressing him out. Mr. Proctor explained that he has an

2

anxiety disorder and that the stressful calls could put him in the hospital. Defendant told Mr. Proctor that he was sorry to hear that, but that he had a job to do and a debt to collect.

13. On or about February 18, 2013, Defendant called Plaintiffs again and spoke with Mr. Proctor. During this conversation, he asked Defendant if they were a collection agency. Defendant responded by saying to Plaintiff, "No, we are attorneys."

14. On or about February 20, 2013, Defendant's representative, Godfrey, called Plaintiffs on their home phone. During this conversation, Mr. Proctor asked Defendant again if they were a debt collector. Godfrey responded with, "No, we are a law firm. We are collecting for Asset Acceptance." Mr. Proctor responded "That is not true. Would you be willing to rescind your statement? You are a debt collector." Godfrey replied, "No, we are not a debt collector, we are a law firm collecting for Asset Acceptance."

15. On or about February 22, 2013 at 3:10 p.m., Defendant, through its representative, Ashley Smith, called Plaintiffs and spoke with Mr. Proctor. Ms. Smith identified herself as a debt collector. Ms. Smith told Mr. Proctor that Asset Acceptance had a Judgment against her in the amount of about $1,300.00. Ms. Smith asked Mr. Proctor to work out a payment plan with her regarding this amount. (This amount is false because Mrs. Proctor paid $595.00 through the Tax Garnishment). During this conversation, Ms. Smith said that they were going to take post judgment action against his wife. Mr. Proctor told Ms. Smith that his wife was being represented by Nitzkin & Associates and gave her the contact information.

16. On or about February 25, 2013 at 8:55 a.m. Defendant called Plaintiffs' home phone and Plaintiffs did not answer the phone. Mr. Proctor did not answer the phone because his blood pressure went up and he had to take medication to get it down.

3

17. On or about February 25, 2013, Defendant called Plaintiffs again at 12:31 p.m. Mr. Proctor, spoke with Shakita. Shakita told Mr. Proctor that she was calling to talk to his wife, Kari, about her debt. Mr. Proctor asked her for information and Shakita asked if he had an attorney. Mr. Proctor said, "Yes."

18. On or about February 25, 2013, Shakita called Nitzkin & Associates and left a message for Julie LaManna to call her back.

19. To date, Plaintiffs have not received anything in writing from Defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates the preceding allegations by reference.

21. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

23. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

25. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

28. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

30. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

31. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

32. Plaintiff incorporates the preceding allegations by reference.

33. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

34. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

35. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

36. Plaintiff has suffered damages as a result of these violations of the MCPA.

37. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

March 21, 2013

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff